**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALVIN DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0534 (EGS) |
| | ) | |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's motion for summary judgment.  For

the reasons discussed below, the motion will be granted in part and denied in part without

prejudice.

I.  BACKGROUND

On or about June 16, 2011, Compl. at 2, pursuant to the Freedom of Information Act

("FOIA"), *see* 5 U.S.C. § 552, plaintiff submitted to the Executive Office for United States

Attorneys ("EOUSA") a request for "[s]urveillance video, video logs, handwritten call logs,

warrants D.E.A.-6, promises, agreements and any information that is required to be released

under [FOIA]."  Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J., Decl. of David

Luczynski ("Luczunski Decl."), Ex. A (FOIA request).  With his request plaintiff supplied a

Certificate of Identity.  *See id.*, Ex. A (Certification of Identity).  EOUSA staff determined that

any responsive records would have been maintained in the United States Attorney's Office for

the Middle District of Florida ("USAO/FLM"), and, accordingly, the request was forwarded to

1

that office.  Luczynski Decl. ¶ 10.  Once a search for responsive records commenced, "it became

apparent that due to the number of records [and] the time spent searching," there would be a fee

assessed for the processing of plaintiff's request.  *Id.* ¶ 6.  The EOUSA so informed plaintiff, *see*

*id.*, Ex. C (Letter to plaintiff from Susan B. Gerson, Acting Assistant Director, Freedom of

Information and Privacy Staff, EOUSA, dated July 18, 2001) at 1, and plaintiff paid the fees in

two installments.  Compl. at 2; *see id.*, Ex. B (Letters to Sean J. Vanek from plaintiff).

The EOUSA released 63 pages of records in full, released 2 pages of records in part, and

withheld approximately 1500 pages in full, pursuant to Exemptions 3, 5, 7(C) and 7(F).

Luczynski Decl. ¶ 9; *see id.*, Ex. G (Letter to plaintiff from S.B. Gerson dated June 21, 2012) at

1.  In addition, the EOUSA referred certain records to the Drug Enforcement Administration and

the Federal Bureau of Investigation, the DOJ components from which they originated.  *Id.* ¶ 9.

According to plaintiff, however, the EOUSA "failed to release the 63 pages in full, and the 2

pages in part as the defendant claim[s] to have done."  Pl.'s Opp'n Mot. to Def.'s Summ. J. at 1.

As of the filing of his opposition, plaintiff had not received the documents.  *Id.*

## II.  DISCUSSION

### A.  Summary Judgment in a FOIA Case

In a FOIA action to compel production of agency records, the agency "is entitled to

summary judgment if no material facts are in dispute and if it demonstrates 'that each document

that falls within the class requested either has been produced . . . or is wholly exempt from the

[FOIA's] inspection requirements.'"  *Students Against Genocide v. Dep't of State*, 257 F.3d 828,

833 (D.C. Cir. 2001) (quoting *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir.

1978)).  Summary judgment may be based solely on information provided in an agency's

supporting affidavits or declarations if they are relatively detailed and when they describe "the

documents and the justifications for nondisclosure with reasonably specific detail, demonstrate

that the information withheld logically falls within the claimed exemption, and are not

controverted by either contrary evidence in the record [or] by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  "To successfully challenge

an agency's showing that it complied with the FOIA, the plaintiff must come forward with

'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has

improperly withheld extant agency records."  *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113,

119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989)).

## B.  The Search for Responsive Records Was Reasonable

Upon receipt of a request under the FOIA, an agency generally must search its records for

responsive documents.  *See* 5 U.S.C. § 552(a)(3)(A).  "The adequacy of an agency's search is

measured by a standard of reasonableness and is dependent upon the circumstances of the case."

*Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation

marks and citations omitted).  An agency "fulfills its obligations under FOIA if it can

demonstrate beyond material doubt that its search was reasonably calculated to uncover all

relevant documents."  *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514

(D.C. Cir. 2011) (citations and internal quotation marks omitted).  To meet its burden, the agency

may submit affidavits or declarations that explain in reasonable detail the scope and method of

the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of

contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's

compliance with the FOIA.  *Id.* at 127.  On the other hand, if the record "leaves substantial doubt

as to the sufficiency of the search, summary judgment for the agency is not proper."  *Truitt v.*

*Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

The EOUSA's declarant explains that "[e]ach United States Attorney's Office maintains the case files for criminal matters prosecuted by that office." Luczynski Decl. ¶ 10. "'LIONS'. . . is the computer system used by United States Attorneys offices to track cases and to retrieve files pertaining to cases and investigations." *Id.* Using LIONS, one "can access databases which can be used to retrieve information based on a defendant's name, the USAO number (United States[] Attorney's Office internal administrative number), and the district court case number." *Id.* Using plaintiff's name as a search term, a LIONS search located records maintained in the USAO/FLM. *Id.* According to the declarant, "[a]ll responsive documents to [p]laintiff's FOIA request would have been located in the USAO/FLM," and "no other records systems or locations within EOUSA or DOJ in which other files pertaining to Plaintiff's name were maintained." *Id.*

Plaintiff does not address the EOUSA's statements of fact with respect to its search for responsive records, and, accordingly, the Court treats this argument as conceded. *See Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."); *see also Jewett v. U.S. Dep't of State*, No. 11-cv-1852, 2013 WL 550077, at *9 (D.D.C. Feb. 14, 2013) (treating as conceded defendants' reliance on FOIA exemption where plaintiff "offers no rebuttal"). Moreover, plaintiff's FOIA request is properly construed as one for records about himself and his criminal case. The use of plaintiff's name as a search term, and a search for responsive records in the only office where they were likely to be maintained, are approaches reasonably calculated to locate the records plaintiff seeks.

Defendant's motion will be granted in part with respect to the adequacy of its search for records responsive to plaintiff's FOIA request.

Based on plaintiff's representation that he had not received copies of the documents purportedly released to him, the Court declines to proceed further at this time.  Plaintiff will have an opportunity to review the records released by the EOUSA before the Court considers defendant's arguments on the claimed exemptions and segregability.

## III.  CONCLUSION

The EOUSA demonstrates that its search for records responsive to plaintiff's FOIA request was reasonable under the circumstances, and in this respect, its motion for summary judgment will be granted in part.  Defendant will be ordered to send copies of the records previously released in full and in part to plaintiff at his current address of record and at no cost to plaintiff.  Further, defendant will be ordered to renew its motion for summary judgment, to which plaintiff will have an opportunity to respond.

An Order accompanies this Memorandum Opinion.

DATE:  March 1, 2013                                    EMMET G. SULLIVAN
                                                        United States District Judge